723 F.2d 620
 115 L.R.R.M. (BNA) 2262, 99 Lab.Cas. P 10,666
 Steve VADASZ, Appellant/Cross Appellee,
v.
GREYHOUND LINES, INC.; Amalgamated Council of Greyhound
Divisions, and Amalgamated Transit Union Division
1126, Appellees/Cross Appellants.
 Nos. 83-1763, 83-1830 and 83-1848.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 20, 1983.
Decided Dec. 27, 1983.
 
 Charles Orlove, Stephen B. Horwitz, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for Amalgamated Council of Greyhound Divisions and Division 1126.
 Allan L. Bioff, Brian J. Finucane, Kansas City, Mo., for Greyhound Lines, Inc.; Watson, Ess, Marshall & Enggas, Kansas City, Mo., of counsel.
 Alan Belkin, Shapiro, Turoff & Gisser, Cleveland, Ohio, for plaintiff-appellant.
 Brian J. Finucane, Kansas City, Mo., Charles Orlove, Chicago, Ill., for defendants-appellees.
 Before ROSS, ARNOLD and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vadasz appeals from the May 9, 1983 order of the United States District Court for the Western District of Missouri.[1] Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1291 (Supp.1983). Vadasz attempted to file two separate complaints. One was an individual complaint while the other was a class action complaint. Vadasz appeals the grant of summary judgment in favor of appellees, Greyhound Lines, Inc., Amalgamated Council of Greyhound Divisions, and Amalgamated Transit Union on the individual complaint. He also appeals from an order denying his motion for leave to file a class action complaint. Greyhound and Amalgamated cross-appeal from the district court's order denying a motion to dismiss the individual complaint as untimely under Section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b) (1973).
 
 
 2
 Vadasz was employed as a bus driver by Greyhound and represented for purposes of collective bargaining by Amalgamated. A dispute arose over a cost-of-living increase and, ultimately, Vadasz sued Amalgamated for breach of duty of fair representation and Greyhound for breach of collective bargaining agreement under the National Labor Relations Act, 29 U.S.C. Sec. 151 et seq. (1978) and the Labor Management Relations Act, 29 U.S.C. Sec. 185 (1978).
 
 
 3
 The district court refused to dismiss the individual complaint under DelCostello v. International Brotherhood of Teamsters, --- U.S. ----, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), wherein the Supreme Court held Section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), with its six month statute of limitation, to be applicable to section 301 actions. The district court also refused to allow the amended class action complaint, since it was untimely under the four-year limitation period under Section 12-546 of Arizona Revised Statutes Annotated.[2]
 
 
 4
 Vadasz did not file his individual claim until 3 1/2 years after the grievance was denied, and he waited over five years from the denial to file his class action claim. We have held that DelCostello will be applied retroactively. Lincoln v. District 9 of the International Association of Machinists, 723 F.2d 627 (8th Cir. 1983). Consequently, all of Vadasz's claims are time barred.
 
 
 5
 Counsel for the appellees request attorneys fees for their efforts. While this is a close case, we do not find the appeal so egregious or frivolous as to require an award of attorneys fees.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The Honorable D. Brook Bartlett presiding
 
 
 [2]
 The parties agreed that Arizona law applied, since the contract was executed in Arizona