**Richard L. GLOVER, on behalf of himself and all others similarly situated, Plaintiffs-Appellants,**

v.

**UNITED GROCERS, INC., an Oregon corporation; Local No. 562 of the International Brotherhood of Teamsters Chauffeurs, Warehousemen and Helpers of America; Clifford Cooper, Secretary-Treasurer; Jack Alexander, Laythell Bales, Al Carder, and Gregg Newstrand, Representatives, Defendants-Appellees.**

No. 83–4202.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 4, 1984.

Decided Nov. 8, 1984.

Gary K. Jensen, Gary K. Jensen, P.C., Eugene, Or., for plaintiffs-appellants.

Richard R. Carney, Stephen H. Buckley, Carney, Cornelius & Buckley, Portland, Or., Nelson D. Atkin, II, Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, Or., for defendants-appellees.

Before GOODWIN and SCHROEDER, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM.

Richard Glover appeals the judgment dismissing as time-barred his class action, under § 301 of the Labor Management Rela-tions Act, 29 U.S.C. § 185(a), for breach of contract and breach of the duty of fair representation. The district court applied the six-month statute of limitations set forth in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983), for hybrid contract/duty of fair representa-tion actions. We affirm.

In 1981, the Supreme Court held that the applicable statute of limitations for an ac-tion against an employer, following an arbi-tration award, was the state statute of limitations for vacation of an arbitration award. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981). At that time, this court applied the vacation of arbitra-tion award limitation to actions against the union as well as actions against the em-ployer. *Singer v. Flying Tiger Line, Inc.,* 652 F.2d 1349, 1353 (9th Cir.1981). Glo-ver's cause of action, which in effect fol-lows an arbitration award, accrued on Au-gust 9, 1982. Oregon's limitation for va-cating arbitration awards, Or.Rev.Stat. § 33.310, allowed twenty days for appeal. Under *Singer* that is the only statute of limitations upon which Glover could have relied in filing an action against either his employer or his union.

In 1983, we reviewed *Singer* and con-cluded that the same statute of limitations should not apply to the union as to the employer. *McNaughton v. Dillingham Corp.,* 707 F.2d 1042, 1047 n. 6, 1048 (9th Cir.1983) (*McNaughton I*) reh'g denied, 722 F.2d 1459 (9th Cir.1984), cert. denied, — U.S. ——, 105 S.Ct. 291, 83 L.Ed.2d 227 (1984). Instead, we applied the two year Oregon statute of limitations for malprac-tice actions to the claim against the union. *Id.* at 1049. Subsequently, *DelCostello,* borrowing from § 10(b) of the National La-bor Relations Act, 29 U.S.C. § 160(b), adopted a six month statute of limitations for hybrid actions against unions and em-ployers.

---

* The Honorable William J. Jameson, Senior Unit-ed States District Judge for the District of Mon-tana, sitting by designation.

■ Despite appellant's protestations, we have no difficulty giving *DelCostello* retroactive application in this case. Where we have refused retroactive application in the past, its effect would have been to shorten the applicable state statute. *Barina v. Gulf Trading and Transp. Co.*, 726 F.2d 560, 563–64 (9th Cir.1984); *McNaughton v. Dillingham Corp.*, 722 F.2d at 1461 (9th Cir.1984) (*McNaughton II*); *Edwards v. Teamsters Local Union No. 36*, 719 F.2d 1036, 1040 (9th Cir.1983), *cert. denied* —— U.S. ——, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984). *See also, Scoggins v. Boeing Company, Inc.*, 742 F.2d 1225, 1227 (9th Cir. 1984). In the case before us, the cause of action accrued before *McNaughton I* abrogated *Singer, McNaughton I*, 707 F.2d at 1047, n. 6, when the applicable state statute for actions against both the union and the employer was twenty days. The retroactive effect of *DelCostello* is to lengthen, not shorten, the time in which Glover could have filed.

Application of *DelCostello* in this case also comports with the requirements set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), for gauging the appropriateness of retroactivity of statutes of limitation. *Id.* at 106–07, 92 S.Ct. at 355. We consider the first and third of these requirements together because they are closely related. Both are satisfied. Although *DelCostello* establishes a new principle of law and overrules precedent upon which litigants may have relied, Glover has not so relied to his detriment, as we have already noted. The change in the law thus works no inequity.

■ The second *Chevron* requirement is also satisfied; retroactive operation of the *DelCostello* rule in this case will further the rule's operation. Glover's situation does not exactly fit the *DelCostello* model in which the employer is alleged to have committed one wrong while the union has committed a separate, but related wrong. Rather, Glover alleges that the union and the employer have wronged him in joint violation of the collective bargaining agreement. He suggests that the facts in this case give rise not to a hybrid claim, but to a cause of action based solely on the collective bargaining agreement. We read *DelCostello* to apply not only when the gravamen of the action is breach of the duty of fair representation, but also to claims for alleged violations of the collective bargaining agreement. Moreover, we disagree with Glover's assessment of his own claim.

This is exactly the kind of hybrid claim to which, in deciding *DelCostello*, the Supreme Court wished a uniform statute of limitations to apply. *DelCostello* put to rest the proliferating cases in which the various district and circuit courts were applying a bewildering variety of local statutes of limitations to cases challenging the conduct of employers and unions with reference to labor grievances. By whatever nomenclature plaintiff's attorneys captioned their claims, these cases usually involved two complaints: (1) the employer had acted contrary to the bargaining agreement in making some personnel decision, and (2) the union either had acted contrary to the agreement or had violated the worker's § 301 rights in failing to prosecute the worker's grievance to the worker's satisfaction.

The waste of time and resources in pursuing these claims under an almost infinite variety of local limitations statutes, and the spectacle of workers pursuing nonexistent remedies against the union when the same grievance against their employer was time-barred, had vexed the courts for some time. *DelCostello* gave the Supreme Court the opportunity to pull all these cases together under one well-known statute of limitations that had long been recognized by the labor-law bar.

Glover's claim mirrors elements of other cases which the Supreme Court examined before concluding that for hybrid claims the same statute of limitations should apply to employers as to unions. Glover's claim involves, "those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of disputes under it." *DelCostello*, 103 S.Ct.

at 2289, quoting *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 702, 86 S.Ct. 1107, 1111, 16 L.Ed.2d 192 (1966). It involves a claim against the employer which is "inextricably interdependent" with the claim against the union. *DelCostello*, 103 S.Ct. at 2290, quoting *Mitchell*, 451 U.S. at 66–67, 101 S.Ct. at 1565–66. Finally, it is a claim on which "[t]he employee, may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 103 S.Ct. at 2291.

Not to apply *DelCostello* in Glover's instance would be to thwart its clear purpose in making uniform the statute of limitations applied to employers and to unions when the claim is at once for breach of duty of fair representation and for breach of contract. Glover's claim is just such a claim.

Affirmed.