**Lori A. KING, Plaintiff,**

v.

**ARCO METALS COMPANY, a Delaware corporation, et al., Defendants.**

**Charles E. DARLING, Plaintiff,**

v.

**ARCO METALS COMPANY, a Delaware corporation, et al., Defendants.**

**Nos. CV 84–40–M–CCL, CV 84–45–M–CCL.**

United States District Court, D. Montana, Missoula Division.

Jan. 9, 1986.

Andree LaRose, Whitefish, Mont., for plaintiffs.

Donald C. Robinson, Poore, Roth & Robinson, Butte, Mont., for Arco.

Joan Junkel, Missoula, Mont., for Union defendants.

R. Michael Labelle, Powers & Lewis, Washington, D.C., for union defendants.

## OPINION AND ORDER

LOVELL, District Judge.

Plaintiffs in this action are two former employees of defendant Arco Metals in Columbia Falls, Montana, who instituted this action after being discharged from their employment positions. Named in the second amended complaint, in addition to ARCO, are the local 320 of the Aluminum, Brick and Glass Workers International Union and the Aluminum Workers Trades Council of Columbia Falls, AFL–CIO ("Union defendants"). Plaintiffs allege claims of wrongful discharge, negligent misrepresentation, constructive fraud, and breach of collective bargaining agreement against ARCO, and breach of the duty of fair representation against the Union defendants.

Before the Court is the Union defendants' motion to dismiss for failure to file within the applicable period of limitations. The basis for this motion is the six-month statute of limitations adopted by the United States Supreme Court for the filing of unfair labor practice claims against a union for breach of the duty of fair representa-

tion. *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

The Union defendants have admitted the facts as alleged in the complaint for the purposes of this motion. Plaintiff Lori King was hired by ARCO's predecessor, the Anaconda Aluminum Company, in April, 1976; she was laid off on March 7, 1983. On March 11, 1983, plaintiff King was notified that she had no "recall" rights, meaning that she would not be re-hired by ARCO. On March 30, 1983, plaintiff King filed a grievance with her union alleging that ARCO's actions violated her rights under the collective bargaining agreement between the company and the union. The union handled the grievance without settlement and on April 18, 1983, informed plaintiff King that it would not take her case to arbitration.

Plaintiff Charles E. Darling was hired by the Anaconda Aluminum Company in January, 1975, and was laid off by ARCO on February 6, 1983. On or before June 6, 1983, Plaintiff Darling was passed up for recall and was notified on October 27, 1983, that he had no recall rights. Plaintiff Darling did not file a grievance with the Union for the reason that the Union's actions as to plaintiff King would have made a grievance futile.

The initial complaints of plaintiffs King and Darling were filed on March 2, 1984, and March 12, 1984, respectively; however, the union defendants were not named in either complaint. On June 6, 1984, the two cases were consolidated for pretrial discovery and motions. On March 11, 1985, plaintiffs filed their second amended complaint which, for the first time, named the two unions as defendants.

*DelCostello v. International Brotherhood of Teamsters, supra,* decided on June 8, 1983, held that the six-month limitation period expressed in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b),* is applicable to an employee's

---

* That Section provides in pertinent part that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made."

suit against an employer and union, for breach of collective bargaining agreement and the duty of fair representation, respectively. It is clear from the facts of this case that the plaintiffs' causes of action accrued prior to *DelCostello*, but that they did not file suit until some time after *DelCostello*. The union defendants take the position that *DelCostello* should be applied to bar the plaintiffs' claims herein, for the reason that plaintiffs "slept on their rights" following the Supreme Court's directive that the six-month limitation period applies to cases of this nature.

Plaintiffs, on the other hand, submit that *DelCostello* is not to be applied retroactively within the Ninth Circuit and that they reasonably relied upon the five-year limitation period contained in § 27–2–215, M.C.A. The basis for plaintiffs' contention is the dictum contained in a footnote in *Lumber, Production & Industrial Workers' Local No. 3038 v. Champion International Corp.*, 486 F.Supp. 812, 813 (D.Mont.1980) suggesting that the five-year period would apply to such actions. A different case in the District of Montana held that the applicable limitation period was six months, pursuant to § 39–13–404, M.C.A. *Nunnally v. International Brotherhood of Electrical Workers*, 588 F.Supp. 1309 (D.Mont.1984). In neither opinion did the district court cite any authority upon which it based its determination. Moreover, *Nunnally* was reversed by the Ninth Circuit Court of Appeals on September 30, 1985. *Nunnally v. IBEW*, 774 F.2d 1174 (9th Cir.1985), *unpublished decision.*

Prior to *DelCostello*, the timeliness of actions brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, was to be determined by reference to the "appropriate state statute of limitations." *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192, 199 (1966). The Ninth Circuit Court of Appeals has characterized the union's duty of fair representation as one "having its source in national labor statutes." *Price v. Southern Pacific Trans. Co.*, 586 F.2d 750, 753 (9th Cir.1978). As such, the court has applied state statutes of limitation for actions upon a liability created by statute. *Id.; accord, Edwards v. Teamsters Local Union No. 36*, 719 F.2d 1036, 1039 (9th Cir.1983), *cert. den.* 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984).

Under the rule of *Price* and *Edwards*, the appropriate period of limitation for actions brought in the District of Montana alleging breach of the duty of fair representation, prior to *DelCostello*, would have been two years. Section 27–2–211(1)(c), M.C.A. (1985), provides that "[w]ithin two years is the period prescribed for the commencement of an action upon ... a liability created by statute." Assuming the non-existence of *DelCostello*, plaintiffs in this case were within the two-year limitation period when they filed their action against the union defendants in March, 1985.

The critical issue is whether *DelCostello* should be applied retroactively to bar the plaintiffs' action against the union. The Ninth Circuit Court of Appeals has consistently refused to give *DelCostello* retroactive effect. *Edwards v. Teamsters Local Union No. 36, supra.; Barina v. Gulf Trading & Transportation Co.*, 726 F.2d 560 (9th Cir.1984); *McNaughton v. Dillingham Corp.*, 722 F.2d 1459 (9th Cir.1984), *cert. den.,* — U.S. —, 105 S.Ct. 291, 83 L.Ed.2d 227; *Rodriquez v. Union Carbide Corp.*, 735 F.2d 365 (9th Cir.1984); *Scoggins v. Boeing Co., Inc.*, 742 F.2d 1225 (9th Cir.1984). In two cases, where the effect was to *lengthen* the period of limitation, the court has applied *DelCostello* retroactively. *Glover v. United Grocers, Inc.*, 746 F.2d 1380 (9th Cir.1984), *cert. den.,* — U.S. —, 105 S.Ct. 2357, 86 L.Ed.2d 258; *Aragon v. Federated Dept. Stores*, 750 F.2d 1447 (9th Cir.1985). In its most recent decision, the court stated:

> Until quite recently, we had repeatedly refused to give *DelCostello* retroactive effect. [Citations omitted.] However, we have now made it clear that *DelCostello* is to be given retroactive effect when doing so serves to lengthen rather than shorten the limitations period that

would otherwise be applicable under state law. [Citations omitted.] *Peterson v. Kennedy, et al.*, 771 F.2d 1244, 1251 (9th Cir.1985). Thus, the express directives of the Ninth Circuit would appear to require this Court to refuse to apply *DelCostello* retroactively.

There is one significant distinction between this case and the cases cited above. In every case in which the court declined to apply *DelCostello*'s 6-month limitation period, the plaintiffs had filed their complaints *before DelCostello* was handed down. In this case, the initial complaints were filed nine months after *DelCostello*, and the second amended complaint naming the unions for the first time was filed a full 21 months after *DelCostello*. This presents circumstances which the Ninth Circuit Court has not confronted.

That Court has, however, decided an analogous case. In *Scoggins v. Boeing Co., Inc., supra.*, 742 F.2d 1225, plaintiff filed suit against his employer and union, alleging claims similar to these. The court dismissed the plaintiff's claim against his employer under the authority of *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The court stated that prior to *Mitchell*, the statute of limitations for hybrid Section 301 actions in Washington State was three years. In *Mitchell*, the Supreme Court held that a state limitation period for vacation of an arbitral award controlled the employee's Section 301 action against his employer. (Under Washington law that period is three months.) *DelCostello* followed two years later, setting forth a six-month limitation period as to claims against both an employer and a union.

In *Scoggins*, the plaintiff filed his case eight months *after Mitchell*, 16 months after receiving notice of the union's decision not to pursue his grievance, and 18 months *before DelCostello*. The court refused to apply *DelCostello* retroactively, but applied *Mitchell* to bar the plaintiff's cause of action.

Although Scoggins was not aware of the shorter statute of limitations period when his cause of action accrued in August, 1980, Scoggins slept on his rights after the *Mitchell* decision. Unlike the plaintiff in *Singer* [*v. Flying Tiger Line, Inc.*, 652 F.2d 1349 (9th Cir.1981) ], who did not know the "correct" statute of limitations until several years after he filed his lawsuit, Scoggins knew the correct statute of limitations eight months before he filed his lawsuit. Unlike the plaintiff in *Barina* [*v. Gulf Trading and Transp. Co., supra.*], who quickly filed his lawsuit after the Court announced in *Mitchell* the shorter statute of limitations, Scoggins delayed filing his lawsuit until eight months after the *Mitchell* decision. It is not inequitable to hold Scoggins to the shorter statute of limitations period applicable under *Mitchell.*

*Scoggins v. Boeing Co., Inc.*, 742 F.2d at 1228.

I conclude that the retroactivity doctrine should be applicable only to *pending suits.* This construction equates the positions of all litigants. There is no reason to extend the limitation period to a length greater than six months beyond *DelCostello* for those plaintiffs whose claims arose prior to *DelCostello*. Once *DelCostello* was decided, plaintiffs knew what the appropriate limitation period was and no longer needed to rely on the dictum contained in *Lumber Prod. Ind. Workers v. Champion, supra.* Plaintiffs slept on their rights in failing to promptly file their action against the Union defendants once *DelCostello* was decided.

THEREFORE, IT IS HEREBY ORDERED that the motion of the Union defendants is GRANTED, and the complaint is DISMISSED with prejudice as to said defendants.

IT IS FURTHER ORDERED that plaintiffs' motion to file a supplemental brief is DENIED.