Charlene SCHUMACHER, Plaintiff,

v.

**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado corporation; and International Brotherhood of Electrical Workers, Local No. 206, Defendants.**

**No. CV 85–191–BU–CCL.**

United States District Court,
D. Montana,
Butte Division.

Feb. 28, 1986.

Nash, Wellcome, Frost, Guenther & Zimmer, Bozeman, Mont., for plaintiff.

Hilley & Loring, Great Falls, Mont., for Intern. Broth. of Elec. Workers.

Hughes, Kellner, Sullivan & Alke, Helena, Mont., for Mountain States Tel. & Tel. Co.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

This is an action for wrongful termination of employment. Plaintiff Charlene Schumacher claims she was discharged by defendant Mountain States Telephone and Telegraph (Mountain Bell) in violation of both federal labor law and state tort law. She also alleges that defendant International Brotherhood of Electrical Workers, Local No. 206 (Local 206) breached its duty, under both federal and state law, to fairly represent her by failing to process a grievance with Mountain Bell on her behalf.

Defendants move to dismiss all claims advanced against them. They contend the state law claims are preempted by federal labor law, specifically Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Defendants further contend the federal claims brought by plaintiff are barred by expiration of the applicable statute of limitations.

Defendant's motions to dismiss are well taken in light of the pleadings, the briefs and the relevant statutory and case law. The Supreme Court recently reexamined the preemption doctrine in *Allis-Chalmers v. Lueck*, 471 U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). *Allis-Chalmers* is controlling in this instance and requires dismissal of plaintiff's state law claims. Additionally, plaintiff's federal claims are subject to the statute of limitations set forth in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). *See also King v. Arco Metals Company*, 624 F.Supp. 545 (D.Mont.1986). Since the applicable limitations period expired before plaintiff commenced this action, her federal claims are barred.

## BACKGROUND

At all relevant times, plaintiff was a member of Local 206. At the time of her discharge, plaintiff was working under a collective bargaining agreement negotiated between Local 206 and Mountain Bell.

Plaintiff began working for Mountain Bell in June 1954 as a telephone operator. She worked in that capacity for more than 20 years in her employer's Bozeman, Montana office. (1954–58, 1960–67, 1972–84).

The complaint alleges Mountain Bell discharged plaintiff on August 18, 1984 on the ground that technological advances in the employer's equipment rendered her position unnecessary. Plaintiff claims the updated equipment did not eliminate the need for her job because other Mountain Bell employees continued to perform such work after her termination. She further alleges she was discharged without being afforded the opportunity to be retrained for another position, in violation of the terms of the collective bargaining agreement.

Plaintiff received advance notice of her termination on July 6, 1984. Three days later, she filed a grievance with Local 206 challenging her discharge, the notice of termination, and the elimination of her operator position. Local 206 carried plaintiff's grievance to the step before arbitration, but to no avail. On November 23, 1984, plaintiff requested her union to arbitrate the grievance with Mountain Bell pursuant to the terms of the collective bargaining agreement. Local 206 declined to pursue the matter further on December 11, 1984.

Plaintiff commenced this action on August 6, 1985. While the complaint does not separate her claims on a count by count basis, the Court has identified the following causes of action: (1) a Section 301 claim against Mountain Bell for violation of the terms of the collective bargaining agreement; (2) a state law claim for wrongful termination against Mountain Bell; (3) a state law claim against Mountain Bell for breach of the implied duty of good faith and fair dealing; (4) a federal claim against Local 206 for breach of its statutory duty of fair representation; and (5) a state tort claim against Local 206 for breach of the implied duty of good faith and fair dealing.

Several sections of the collective bargaining agreement in question are relevant to the Court's consideration of the pending motions. These sections are as follow:

—"This Agreement, made and entered into this 23rd day of August, 1983, by and between the Mountain States Telephone and Telegraph Company ... and Local Union 206...." Preamble.

—"This Agreement is hereby in effect until 11:59 p.m. August 9, 1986 at which time it shall terminate." Article 21, Section 21.1.

—"It shall be the objective of both the Union and Management to settle grievances ... to the greatest extent possible." Article 3, Section 3.1.

—"It shall be the obligation of both the Company and the Union to process grievances at each successive step of the grievance procedure if a mutually agreeable settlement is not reached at the lower step." Article 3, Section 3.4.

—"It is agreed that in the event there is a divergence of interpretation with respect to the intent or meaning of the terms of this Agreement or a question as to the performance of an obligation specifically imposed on the Company by the terms of this Agreement which cannot be satisfactorily adjusted pursuant to the grievance procedure, the Union may institute arbitration proceedings to resolve the difference between the parties by submitting a written notice of arbitration

upon the Company." Article 4, Section 4.1.

—"Whenever the demands of the service are considered by the Company to warrant force adjustment of employees ... the Company agrees to give the Union ... notice in writing of its intention to adopt layoffs, transfers, reclassifications, part-timing or a combination thereof." Article 12, Section 12.1.

—"In the present environment of fast-paced technological developments and structural changes, the parties recognize the benefits in offering to employees training and retraining programs for personal or career development or in the event their existing jobs are displaced. Accordingly, within one year from the date of this Agreement, each operating company and AT & T entity will begin offering, at Company expense, training and retraining programs to its employees ... being displaced to qualify for job vacancies as anticipated by the Company." Article 19, Section 19.3.

## DISCUSSION

### A. *Preemption of State Law Claims.*

Defendants move to dismiss plaintiff's state tort claims, asserting that these claims are preempted by federal labor law. Plaintiff counters by arguing that her bad faith claims fall within a recognized exception to the preemption doctrine. Specifically, she contends her state law claims arise independent of any labor contract between Mountain Bell and herself.

■ The Supreme Court has recognized an exception to the preemptive effect of Section 301 where the state law claim at issue is based on obligations and rights independent of a labor contract. *See Allis-Chalmers v. Lueck,* supra. The issue of whether the state law claims brought by plaintiff in the instant case are sufficiently independent of federal labor law to avoid preemption is a question of federal law. *Allis-Chalmers,* 471 U.S. at ——, 105 S.Ct.

at 1913, 85 L.Ed.2d at 217. In *Allis-Chalmers*, an employee brought suit against his employer, who was responsible for administering a nonoccupational disability insurance plan pursuant to a collective bargaining agreement. The employee alleged bad faith in the handling of his insurance claim.

As set forth in that case, the analysis to determine whether sufficient independence exists must focus on whether the state cause of action "confers non-negotiable state law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." 471 U.S. at ——, 105 S.Ct. at 1912, 85 L.Ed.2d at 216. In *Allis-Chalmers*, the Supreme Court found the state claim at issue, breach of the implied duty of good faith attendant employment contracts, derived from the contract itself and was defined by the contractual obligation of good faith. Any attempt to assess tort liability under those circumstances, therefore, "inevitably" would involve interpretation of the terms of the labor agreement. 471 U.S. at ——, 105 S.Ct. at 1915, 85 L.Ed.2d at 219. Where resolution of a state law claim is substantially dependent upon interpretation of a labor contract, the claim must be treated as a § 301 claim or dismissed as preempted. 471 U.S. at ——, 105 S.Ct. at 1916, 85 L.Ed.2d at 221.

The instant case presents a situation similar to that found in *Allis-Chalmers*. The Montana courts have found an "implied covenant of good faith and fair dealing" attendant contracts of employment. *See Gates v. Life of Montana Insurance Co.,* —— Mont. ——, 668 P.2d 213 (1983); *Dare v. Montana Petroleum Marketing Co.,* —— Mont. ——, 687 P.2d 1015 (1984). Breach of this implied duty is a tort under state law. *Gates,* 668 P.2d at 215. While the Montana courts have not expressly found an implied covenant of good faith inherent in contracts between labor organizations and their members, the Court assumes such a duty exists for the purposes of the pending motions.

■ Plaintiff's state law tort claims are inextricably intertwined with interpretation of the collective bargaining agreement. The question of whether Mountain Bell acted in bad faith toward plaintiff depends primarily on whether the employer complied with the provisions of the labor contract concerning termination of employees and retraining of technologically displaced employees. Similarly, the issue of whether Local 206 acted in bad faith depends largely on whether the union was justified under the terms of the labor contract in refusing to pursue plaintiff's grievance to arbitration. The question of whether plaintiff's discharge was wrongful depends entirely on interpretation of the collective bargaining agreement. As the Montana tort law regarding the implied covenant of good faith purports to define the meaning of the contract relationship, the law is preempted in cases involving labor contracts falling within the scope of Section 301. Plaintiff's own complaint, in paragraphs two through seven, contains the essential prerequisites for invoking federal labor law in this case. Plaintiff's state tort claims, therefore, are preempted.

The complaint does not allege that plaintiff's discharge interferes with any state public policy independent of the employment relationship. *See,* e.g., *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367 (9th Cir.1984) *cert. denied,* —— U.S. ——, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985). Rather, plaintiff contends her discharge violates the state's important public policy in protecting its citizens from an employer's bad faith conduct in making decisions relating to the employment relationship. Were plaintiff to prevail, virtually all wrongful discharge actions would fall within an exception to the preemption doctrine, a result which the Supreme Court clearly did not intend in *Allis-Chalmers,* 471 U.S. at ——, 105 S.Ct. at 1915–16, 85 L.Ed.2d at 220–21. *See also Hohn v. Kaiser Cement Corp.,* 624 F.Supp. 549 (D.Mont.1986).

*B. Statute of Limitations.*

Defendants also move to dismiss plaintiff's federal labor law claims, asserting these claims are barred by expiration of the applicable statute of limitations. In *Del-Costello v. International Brotherhood of Teamsters,* supra, the Supreme Court held that the six-month limitation period provided in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to an employee's hybrid Section 301/breach of fair representation suit against an employer and a union, respectively. The statute provides in relevant part that "no complaint shall issue based on any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made." 29 U.S.C. § 160(b).

Plaintiff's federal causes of action accrued subsequent to *DelCostello,* which was decided June 8, 1983. Mountain Bell discharged her on August 18, 1984 and Local 206 refused to arbitrate her grievance with Mountain Bell on December 11, 1984. Plaintiff filed her complaint in this case on August 6, 1985, nearly eight months after the union declined to process her grievance further. The six-month statute of limitations applicable to plaintiff's federal claims, therefore, expired before she commenced this action. Defendants' motions to dismiss plaintiff's federal claims are well taken. *See, King v. Arco, supra.*

### CONCLUSION

In summary, under the rules set forth in *Allis-Chalmers,* supra, and *DelCostello,* supra, plaintiff's state and federal claims must be dismissed. The state tort claims are preempted by federal labor law governing collective bargaining agreements, and plaintiff slept on her right to bring the federal claims.

For these reasons,

IT IS ORDERED that defendants' motions to dismiss the above-entitled action are GRANTED.