**Johnnie STOLZ, Dean L. Stolz, and Gus Flangas, Plaintiffs,**

v.

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL UNION NO. 971, Defendant.**

**No. CV-R-84-11-ECR.**

United States District Court, D. Nevada.

Dec. 2, 1986.

Chan G. Griswold, Reno, Nev., for plaintiffs.

William A. Sokol, Michael B. Roger, San Francisco, Cal., and Nathan Jenkins, Reno, Nev., for defendant.

### ORDER

EDWARD C. REED, Jr., Chief Judge.

On October 28, 1986, four weeks before trial in this matter was set to begin, and some six months after the motion cutoff date set by the scheduling order in this case, the defendant renewed its motion for summary judgment. The basic grounds for this renewed motion are essentially that this matter is barred by the applicable statute of limitations. Defendant contends that a new case, *Aragon v. Federated*

*Dept. Stores, Inc.,* 750 F.2d 1447 (9th Cir. 1985) *cert. denied* —— U.S. ——, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985), establishes "once and for all a clean, clear standard ..." regarding the statute of limitations for LMRDA actions in the Ninth Circuit. It appears to the Court, however, that defendant's reading of *Aragon* is grossly exaggerated. Further, this motion was filed well beyond the cutoff date, and was accompanied by no motion to lift the scheduling order. For both substantive and procedural reasons, therefore, the motion will be denied.

In *Delcostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court decided that hybrid actions arising under the LMRA, 29 U.S.C. § 141, *et seq.,* would be governed by the same six-month statute found in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). In its previous order denying the defendant's motion for summary judgment on statute of limitations grounds, the Court did note that several circuits have applied *Delcostello* to actions under the LMRDA as well. *See Vallone v. Local Union No. 705, International Brotherhood of Teamsters,* 755 F.2d 520 (7th Cir.1984); *Local Union No. 1397, United Steelworkers of America,* 748 F.2d 180 (3rd Cir.1984). At that time, however, the Court found that the Ninth Circuit had yet specifically to apply *Delcostello* to actions under the LMRDA. In fact, the Circuit had reserved the question of broader application of *Delcostello* for later decision. *See Klemens v. Air Line Pilots Ass'n,* 736 F.2d 491, 499 n. 7 (9th Cir.1984) *cert. denied* 469 U.S. 1019, 105 S.Ct. 435, 83 L.Ed.2d 362 (1984). Although the defendant cites cases from other circuit courts that indicate their application of *Delcostello* to LMRDA actions, *see Davis v. United Auto Workers,* 765 F.2d 1510 (11th Cir.1985) *cert. denied* —— U.S. ——, 106 S.Ct. 1284, 89 L.Ed.2d 592 (1985); *Linder v. Berge,* 739 F.2d 686 (1st Cir. 1984), it fails to cite any Ninth Circuit case which conclusively indicates that *Delcostel-*

*lo* is the controlling authority in LMRDA actions.

Contrary to defendant's assertions, *Aragon v. Federated Dept. Stores, supra,* does not stand for this proposition. In that case, the plaintiff, Virginia Aragon, was fired from her position by Ralphs Grocery Co. on December 1, 1981. A Local of the Teamsters represented Aragon at a grievance proceeding, and achieved reinstatement to a less favorable position, without backpay, on March 12, 1982. *Id.,* at 1448. In that she was discontented with this result, the plaintiff sued Ralphs for breach of its collective bargaining agreements in firing her, and sued the union for breach of its duty of fair representation in its pursuit of her grievance with Ralphs. *Id.,* at 1448–49. The original complaint was filed in state court on March 24, 1983, but was never served. An amended complaint was filed and served on August 2, 1983. All of the defendants joined in a removal petition, and timely removed that action to the United States District Court on August 31, 1983. The district court then granted summary judgment in favor of all defendants on the grounds that the six-months statute of limitations under § 10(b) of the NLRA, which applied to breaches of collective bargaining agreements and to breaches of the duty of fair representation under *Delcostello,* could be applied retroactively in some cases.

The Ninth Circuit affirmed this holding. Initially, the court noted that the circuit had, until recently, "forcefully, repeatedly, and uniformly denied Delcostello retroactive application." *Id.* at 1450, *quoting Rodriquez v. Union Carbide Corp.,* 735 F.2d 365, 365–66 (9th Cir.1984). The court stated further, however, that a more recent case had fashioned a limited exception to this rule. In *Glover v. United Grocers, Inc.,* 746 F.2d 1380 (9th Cir.1984), the court stated, the Ninth Circuit has " 'refused retroactive application in the past [where] its effect would have been to shorten the applicable state statute.... The retroactive effect of *Delcostello* is to lengthen, not to shorten, the time in which Glover could have filed.' " *Id.,* at 1451, *quoting Glover,*

*supra,* at 1382. Therefore, the court noted that if the state statute applicable in Aragon's case were shorter than the six-month federal statute under *Delcostello,* the Glover exception would apply, and the plaintiff's claim would be time-barred for failure to comply with the six-month *Delcostello* limitation.

The relevant inquiry, the court concluded, was which state statute of limitations governed Aragon's action on the date it accrued.

> If the state time limit was less than six months, then the six-month federal statute of limitations would govern; Aragon's claim would fail. If the state time limit was greater than six months, then it would govern; the viability of Aragon's claim would depend on how much time that state statute of limitations gave her.

*Id.* In this case, the court noted that the relevant state statute was a mere 100 days, by virtue of the relevant California statute of limitations for the appeal of arbitration decisions. *Id.,* at 1452. Because the state statute was shorter than the six month federal statute, the court concluded, *Delcostello* did apply retroactively in this case, and the six month statute of § 10(b) of the NLRA did control. The plaintiff's cause of action was still time-barred, however, in that she filed over a year after her cause of action accrued. *Id.,* at 1453.

Therefore, even assuming that the *Delcostello* case does apply to LMRDA cases in the Ninth Circuit, the *Aragon* case announces no startling departure from the cases relied upon earlier by this Court. As stated in *Aragon, Delcostello* is applied retroactively only where it is needed to *extend,* rather than shorten, the applicable statute. The statute of limitations in LMRDA cases has long been held to be the state statute for the violation of statutorily created rights. *See Trotter v. International Longshoremen's and Warehousemen's Union,* 704 F.2d 1141, 1143, n. 2 (9th Cir.1983); *Copitas v. Retail Clerks International Ass'n,* 618 F.2d 1370, 1372 (9th Cir.1980). In Nevada, this statute is three

years in length. NRS § 11.190. Thus, the relevant state statute is longer than the six-month *Delcostello* limitation, and the federal statute need not be applied retroactively to extend the state limitation in this case. As the Court noted in its previous order, the plaintiffs have filed this action well within the three-year limitation set forth in NRS 11.190, and are thus not precluded from maintaining this suit on statute of limitations grounds.

*Kelley v. IBEW*, 803 F.2d 516 (9th Cir. 1986), does not overturn the *Aragon* line of cases previously decided by the circuit and does not alter this result. In that case, the plaintiffs had been discharged by their employer on September 9, 1981, and had allowed their unions to pursue grievance procedures in their behalf. Dissatisfied with the results of these procedures, they then filed against both the employer under the collective bargaining agreement, and against the union under the duty of fair representation. The action, however, was filed on September 10, 1984, more than three years after the discharge. The defendants moved to dismiss the case on statute of limitations grounds, claiming that the *Delcostello* case, which had been decided before this case was filed, mandated a six month statute of limitations in all duty of fair representations cases.

The Ninth Circuit held that *Delcostello* could be applied in this case. Initially, it noted that *Delcostello* had not been applied retroactively "to shorten a statute of limitations when doing so would unfairly prejudice litigants 'by barring suit by an employee when *precedent existing at the time of the filing permitted it.'*" *Id.*, at 518, *quoting Edwards v. Teamsters Union Local No. 36*, 719 F.2d 1036, 1040 (9th Cir. 1983) (emphasis in original), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984). In this case, the court held, the plaintiffs could not rely on previous decisions of the court which applied a three year limitation, because the *Delcostello* case warned them that these older decisions were no longer good law. Further, the court found that the plaintiffs could not rely on other Ninth Circuit decisions re-

fusing retroactive application of *Delcostello* to claims filed before that case to conclude that the three-year state limitations still applied to their case. *Id., citing Edwards, supra.* To refuse *Delcostello* such retroactive effect would be to deny the Supreme Court's decision in that case any effect until after the state limitations period, which the case had rejected, had expired. Therefore, the court held that a cause of action which arose prior to *Delcostello*, such as this one, is barred if not filed within six months after the date of that decision, June 8, 1983. *Id.*

From the fact of the opinion, *Kelley* would seem to bar the present cause of action, in that the cause of action did arise before *Delcostello* was decided, but was not filed until January, 1984, over six months after the date of the decision. A closer inspection of the *Kelley* case, however, reveals that it is not applicable to the present action. Initially, the *Kelley* court itself noted that *Delcostello* would not be applied retroactively to a suit when precedent existing at the time of filing permitted it. *Kelley*, at 518. In the present case, the precedent contemporaneous with the filing of the suit indicated that *Delcostello* would not govern it. As has been previously noted, there is not now, nor has there been in the past, any Ninth Circuit authority which applies *Delcostello* to cases under the LMRDA. The plaintiffs could thus rely on the existing authority at the time of filing, which clearly told them that *Delcostello* would not apply in this case. Further, at the time this suit was filed, the existing authority instructed the plaintiffs that if *Delcostello* did apply to their case, it could only lengthen, not shorten, the applicable statute of limitations. *See Glover v. United Grocers, Inc.*, 746 F.2d 1380 (9th Cir. 1984); *Barina v. Gulf Trading and Transportation Co.*, 726 F.2d 560 (9th Cir.1984); *McNaughton v. Dillingham Corp.*, 722 F.2d 1459 (9th Cir.1984) *cert. denied*, 469 U.S. 916, 105 S.Ct. 291, 83 L.Ed.2d 227 (1984). In *Kelley's* own terms, then, the plaintiffs in this action cannot be time-

barred, as they here justifiably relied on existing authority when filing this action.

*Kelley* also does not appear to overrule the *Aragon* line of cases which establish the requirements for retroactive application of *Delcostello.* Nowhere in the *Kelley* opinion does the court cite the wealth of Ninth Circuit authority which develops and fleshes out the *Aragon* holding. In that *Kelley* completely avoids these cases, the Court finds that they have not been overruled, and still considers that line of authority to be controlling in this case. Thus, under the relevant authority from the Ninth Circuit, the plaintiffs' cause of action was timely filed.

As a matter of substantive law the defendant's renewed motion for summary judgment is completely without support in the existing cases from the Ninth Circuit. Moreover, the renewed motion is also procedurally deficient in that it was filed some six months after the cutoff date of May 8, 1986, for such motions set forth in the scheduling order. The Court notes that the defendant could have easily filed this renewed motion long before that date, in that the cases upon which it relies were all decided long before the cutoff date and the scheduling order. In view of this fact, this motion is itself a violation of the orders of this Court and the merits need not even have been reached. Defendant should have moved this Court to lift the scheduling order before filing this motion in the first place.

IT IS, THEREFORE, HEREBY ORDERED that the defendant's renewed motion for summary judgment is DENIED.