972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Edward BOROWIAK; Richard W. Snail; David Glesman; Mark
Priborsky; Daniel Orr; Michael Patrick Nelson;
Robert Johnson; Sara Johnson, and all
others similarly situated, Appellants,
v.
VICKERS INCORPORATED; Local No. 171 of the Allied
Industrial Workers of America; Allied Industrial
Workers of America, Appellees.
 No. 91-3711.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1992.
Filed: July 10, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Edward Borowiak and other employees of the defendant Vickers Incorporated brought a class action against Vickers and Local No. 171 of the Allied Industrial Workers of America (the union representing their bargaining unit). The employees claim that Vickers breached their collective bargaining agreement by refusing to pay them the wage rate set forth in the agreement. They also claim that the union breached its duty to provide fair representation by refusing to take the wage rate issue to arbitration. The district court characterized the plaintiffs' complaint as a hybrid section 301/fair representation claim, and dismissed the complaint because it was not filed within the six months required of hybrid actions by DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1983). We affirm.
 
 
 2
 The plaintiffs are laborers and janitors who allege that they were not paid the wage increase required by their collective bargaining agreement when they were promoted to a higher paid class. At least three of the plaintiffs used the grievance procedure set forth in the collective bargaining agreement to challenge Vickers' refusal to pay the disputed wage increases. One plaintiff, Stan Formanek, filed a grievance about this issue in 1987. The decisionmaker found that Formanek was being paid the correct wage, and the union did not seek arbitration or otherwise appeal this initial determination. Two other employees filed similar grievances in 1987 and 1990 with similar results.
 
 
 3
 The complaint in this case alleges that Vickers violated section 301 of the Labor Management Relations Act when it refused "to pay the promoted janitors and laborers the raise ... as required by the contract." The complaint also alleged that the union was liable
 
 
 4
 [b]y virtue of the breach of the union's duty to provide fair representation in the enforcement of the contract in that it unreasonably, unfairly, and arbitrarily refused to take the issue to arbitration.
 
 
 5
 The complaint, filed on November 2, 1990, sought declaratory and injunctive relief and back wages. The plaintiffs concede that the complaint was untimely filed if the six-month statute of limitations from DelCostello applies.
 
 
 6
 The law permits an employee to bring suit against his employer for breach of a collective bargaining agreement notwithstanding the outcome or finality of the grievance or arbitration proceeding, but to do so successfully, the employee must not only demonstrate a breach by the employer, but that the union breached its duty of fair representation. This is true whether the employee sues the employer, the union, or both (as here). DelCostello, 462 U.S. at 163-65. As noted above, such a hybrid action has a six-month statute of limitations. Id. at 169.
 
 
 7
 When a union sues an employer under section 301 for breaching a collective bargaining agreement, however, the six-month statute of limitations applicable to an employees' hybrid action would not apply. Instead, the statute of limitations would be borrowed from state law for ordinary contract actions. Int'l Union v. Hoosier Cardinal, 383 U.S. 696, 704-06 (1966). The plaintiffs urge us to apply the longer state statute of limitations to them because they are "standing in the shoes of the Union," and because "Union members who do the work of the Union should have the same statute of limitations that the Union would have in bringing a declaratory judgment action."
 
 
 8
 In our view, however, DelCostello settled this question to the contrary. When an individual employee alleges that an employer breached a collective bargaining agreement and that the union has breached its duty of fair representation, as here, the employee necessarily is challenging "the private settlement of disputes under the collective-bargaining agreement." DelCostello, 462 U.S. at 165. The Court made it clear that a relatively short limitations period was appropriate under those circumstances. It noted that the grievance and arbitration system, with its heavy emphasis on grievance, arbitration, and the "law of the shop," could easily become unworkable if a decision which has given "meaning and content" to the terms of an agreement, and even affected subsequent modifications of the agreement, could suddenly be called into question as much as [three] years later.
 
 
 9
 Id. at 169. See also id. at 171 (quoting Justice Stewart's concurring opinion in United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 70-71 (1981)). The Court, concerned about the proper balance "between the national interests in stable bargaining relations and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system," id. at 171, borrowed the six-month limitation for hybrid actions from section 10(b) of the National Labor Relations Act. DelCostello, 462 U.S. at 169-71.
 
 
 10
 The plaintiffs attempt to distinguish DelCostello several ways. They note that theirs is a class action, not merely an individual action,[1] and that it involved a significant contract issue involving a large class of employees. In our view, the fact that the plaintiffs cast the complaint as a class action rather than an individual action should not alter the result. See Vadasz v. Greyhound Lines, Inc., 723 F.2d 620, 621 (8th Cir. 1983) (finding both individual and class action suits alleging breach of duty of fair representation and breach of collective bargaining agreement time barred under DelCostello); see also Glover v. United Grocers, Inc., 746 F.2d 1380 (9th Cir. 1984), cert. denied 471 U.S. 1115 (1985) (same). What matters is that the complaint plainly implicated the nature of the union's representation, and we do not read it as a pure breach of contract claim against the employer. Nor does this case involve an employer's total repudiation of the collective bargaining and arbitration process, as was the case in Garcia v. Eidal Int'l Corp., 808 F.2d 717 (10th Cir. 1986), cert. denied 484 U.S. 827 (1987). There, the Tenth Circuit agreed that the six-month limitation period set forth in DelCostello was inappropriate: the employer's total repudiation made the plaintiffs' action analogous to an ordinary contract action and distinguishable from the typical hybrid action because the company's repudiation of the grievance and arbitration process made proof concerning the nature of the union's representation unnecessary. See also Apponi v. Sunshine Biscuits, Inc., 809 F.2d 1210, 1216 (6th Cir.), cert. denied 484 U.S. 820 (1987) (DelCostello does not apply where "the action does not implicate the breach of the union's duty of fair representation.").
 
 
 11
 We do not have such a situation here; the complaint plainly implicated the quality of the union's representation and did not involve something such as the total breakdown of a collective bargaining agreement through an employer's unilateral action. Although the pay issue here may be very important to this class of plaintiffs, that fact does not transform this case into a straight breach of contract claim as in Hoosier Cardinal or Garcia. As the Court noted in DelCostello, "the grievance and arbitration procedure often processes disputes involving interpretation of critical terms in the collective-bargaining agreement affecting the entire relationship between company and union." DelCostello, 462 U.S. at 169 (quoting Mitchell, 451 U.S. at 63-4).
 
 
 12
 Accordingly, we affirm. We deny the union's request for double costs.
 
 
 
 [1]
 The district court did not grant class certification