5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert A. BROWN, Plaintiff-Appellant,
v.
SEAFARERS INTERNATIONAL UNION, Defendant-Appellee.
 No. 92-55964.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert A. Brown appeals pro se the district court's summary judgment in favor of defendant Seafarers International Union ("SIU") in Brown's action for breach of the duty of fair representation. The district court held that Brown's action is barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 4
 Brown's claims against SIU are governed by the six-month statute of limitations set forth in section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169-72 (1983); Conley v. International Bhd. of Elec. Workers, Local 639, 810 F.2d 913, 915 (9th Cir.1987); Glover v. United Grocers, Inc., 746 F.2d 1380, 1381 (9th Cir.1984) (per curiam), cert. denied, 471 U.S. 1115 (1985). "In a duty of fair representation case, the six-month period generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union." Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir.1986).
 
 
 5
 Brown's first claim stems from his discharge from employment aboard the Sea-Land Defender in December 1989. The record shows that (1) SIU filed a grievance on Brown's behalf, (2) the grievance had been scheduled for arbitration, and (3) the claim was settled before the arbitration hearing was held. On July 18, 1990, Sea-Land issued Brown a settlement check in the amount of $2,105 to cover transportation expenses from Taiwan to the United States and back wages.
 
 
 6
 Brown contends that his grievance remains unresolved because SIU failed to pursue other of his claims, such as reinstatement. He also contends he was not allowed to participate in resolving his grievance. Despite Brown's dissatisfaction with the grievance process, it is undisputed that the July 18, 1990 check was in settlement of Brown's entire grievance. Because Brown knew or should have known at that time that he may have had a claim against SIU, his unfair representation claim based on the 1989 discharge accrued on that date. See Galindo, 793 F.2d at 1509. Brown did not file his complaint until October 16, 1991, almost fifteen months later. Therefore, his claim is barred by the statute of limitations. DelCostello, 462 U.S. at 169-72; Glover, 746 F.2d at 1381.
 
 
 7
 Brown's second claim arises from his discharge from employment aboard the Sea-Land Innovator in March 1990. It is undisputed that SIU persuaded Sea-Land to hear Brown's grievance even though the grievance was untimely under the terms of the collective bargaining agreement. It is also undisputed that the Port Committee found that Brown's discharge was for reasonable cause. Consequently, under the terms of the collective bargaining agreement SIU could not pursue other avenues of relief such as arbitration. Thus, on December 6 or 7, 1990, SIU advised Brown of the Port Committee's decision at which time Brown rescinded his grievance. On these facts, we conclude that Brown knew or should have known of any alleged breach by SIU as of December 7, 1990. Brown's claim against SIU based on the 1990 discharge therefore accrued on that date. See Galindo, 793 F.2d at 1509. Because Brown filed his complaint more than ten months later, his claim is barred by the statute of limitations. DelCostello, 462 U.S. at 169-72; Glover, 746 F.2d at 1381.
 
 
 8
 Brown contends the statute of limitations was tolled when Sea-Land initiated disciplinary proceedings against him in April 1991. This contention lacks merit. The six-month limitations period is tolled while an employee pursues intra-union grievance procedures. See Galindo, 793 F.2d at 1510. The disciplinary proceedings to which Brown refers were not initiated by Brown; nor are they part of the grievance process. Thus, the disciplinary proceedings did not toll the statute of limitations.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record shows Brown filed an unfair labor practice charge with the National Labor Relations Board ("NLRB") which was dismissed in September 1991. To the extent Brown's tolling claim is based on his NLRB filing, we note that the filing of a NLRB action is optional and does not toll the statute of limitations. See Conley, 810 F.2d at 915-16
 
 
 [2]
 Because we affirm the district court's judgment on statute of limitations grounds, we do not reach the question of whether Brown's allegations were sufficient to state a claim against SIU for breach of the duty of fair representation